UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JENNY THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:24-CV-186-PPS-AZ |
| ) | |
| PRATT PAPER (IN), LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION & ORDER**

Plaintiff Jenny Thomas seeks to remand this case to Porter County, Indiana Superior Court where she originally filed it. [DE 11]. This action stems from two separate work-related injuries and the associated workers compensation claims. [DE 5 at 2]. In November 2020, Ms. Thomas, then an employee at Pratt, suffered a knee injury while pushing a roll of paper at work. [*Id*.] After injuring her knee, Ms. Thomas sought and received workers compensation benefits in accordance with Indiana's Workers Compensation Act. *See*, Ind. Code Ann. § 22-3-2-2 (2024). In February 2021, after returning to work, Ms. Thomas fell while climbing from a paper winder. [DE 5 at 2]. During the fall, Ms. Thomas suffered multiple injuries to her right side and again sought and received workers compensation benefits in accordance with Indiana law. *Id*. Plaintiff alleges that upon her return to work, Pratt engaged in a pattern of retaliation including refusing her application for specific jobs, forcing her into Short Term Disability, forcing her to apply for Long Term Disability, and refusing to allow her to

work in a position suiting her abilities. [*Id*. at 3]. In February 2023, Pratt terminated Ms. Thomas' employment. [*Id*.]

In April 2024, Ms. Thomas filed this lawsuit in state court seeking compensation for alleged retaliation related to her workers compensation claims. Under Indiana law, these claims are commonly referred to as *Frampton* claims. *See Frampton v. Central Indiana Gas*, 297 N.E.2d 425 (Ind. 1973). Pratt timely removed the case to federal court based on diversity jurisdiction. [DE 1 at 2]. Although the parties are diverse, Thomas seeks remand claiming the amount in controversy has not been established. In support, she has submitted an affidavit vowing not to seek more than one year of lost wages totaling approximately $66,000. [DE 11; DE 11-1]. The question presented is whether the amount in controversy was greater than $75,000 at the time Pratt removed the case.

Federal diversity jurisdiction exists when there is complete diversity between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332 (a). The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit was removed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). The party asserting that there is federal jurisdiction bears the burden of showing that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). If the proponent of federal jurisdiction meets this burden, the case will remain in federal court unless it is "legally impossible" for the plaintiff to recover more than the jurisdictional floor. *Schutte v. Ciox Health, LLC*, 28

F.4th 850, 854 (7th Cir. 2022) (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

In my view, Pratt had good reasons to remove this case based on the allegations of the complaint and the events prior to removal. Prior to the filing of the case, Plaintiff made a settlement demand in the amount of $150,000. [DE 1-3]. The Seventh Circuit has made clear that settlement demands may be considered when determining whether the amount in controversy has been met. *E.g.*, *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (noting the removing party could use the settlement demand to "show the stakes" of the litigation for purposes of the amount in controversy); *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) (considering settlement negotiations when determining whether the amount in controversy requirement was satisfied).

Plaintiff argues that her settlement demand should be given no consideration because it was made by counsel no longer employed by plaintiff and in relation to her Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC). This is unpersuasive because, as Pratt points out, the factual allegations of Plaintiff's complaint mirror Plaintiff's Charge of Discrimination filed with the EEOC. The Charge of Discrimination and the complaint both allege that Pratt engaged in a pattern of retaliation against Ms. Thomas and ultimately fired her because she filed workers compensation claims. [DE 5; DE 15].

3

What's more, setting aside the settlement demand, plaintiff's complaint requested all relief which may be "just and proper." [DE 5]. In a *Frampton* claim, just and proper relief may include back pay, future pay, and punitive damages. *Best Formed Plastics, LLC v. Shoun*, 51 N.E.3d 345, 353 (Ind. Ct. App. 2016) (citing *Remington Freight Lines, Inc. v. Larkey*, 644 N.E.2d 931, 942 (Ind.Ct.App.1994)). Thomas' employment with Pratt ended on February 3, 2023. [DE 5 at 3.] Given her wage of $33 per hour, that makes her back wage claim alone worth more than $90,000. [DE 11-1 at 1.] That doesn't even account for potential recovery of future pay or punitive damages. Pratt has readily demonstrated by a preponderance of the evidence that, at the time of removal, the amount in controversy exceeded the jurisdictional floor. Removal was therefore proper.

Ms. Thomas attempts to defeat federal jurisdiction by submitting an affidavit in which she states that she does not intend to ask for more than one year of lost wages totaling approximately $66,000. Can such a promise defeat jurisdiction? The answer is no. This is because if diversity jurisdiction existed at the time of removal, subsequent events do not divest the federal courts of jurisdiction. "[E]vents after the date of removal do not affect federal jurisdiction, and this means in particular that a declaration by the plaintiff following removal does not permit remand." *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). "[T]he district court is not deprived of jurisdiction where, as here, 'the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount.'" *Chase v.*

4

*Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997) (quoting *St. Paul*, 303 U.S. at 292).

In sum, Pratt met its burden of showing that the amount in controversy on the day of removal was more than $75,000. Put another way, there is no reason to believe that on the day the case was removed it was "legally impossible" for Ms. Thomas to recover more than $75,000. For these reasons, Pratt's removal of this case was proper, and this court continues to have diversity jurisdiction over the matter. Plaintiff's motion to remand is therefore **DENIED.**

**SO ORDERED**.

ENTERED: September 16, 2024.

                                        /s/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT