UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JENNY THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:24-cv-186-PPS-AZ |
| | ) |
| PRATT PAPER (IN), LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court of Plaintiff's Verified Motion to Reopen Discovery to Complete Rule 30(b)(6) Deposition of Defendant [DE 34], filed on December 15, 2025. On January 5, 2026, Defendant filed a response [DE 35] and the matter is now ripe for resolution. For the reasons discussed, Plaintiff's motion to reopen discovery will be denied.

**Background**

This is an employment discrimination case in which Plaintiff Jenny Thomas alleges that her former employer discriminated against her on account of her disability. On July 11, 2024, the Court entered a deadline to complete all discovery by September 30, 2025. DE 16. More than a year later, at a status conference held on September 11, 2025, the parties raised with the Court a discovery dispute relating to the scope of topics in a notice of deposition served on Defendant pursuant to Fed. R. Civ. P. 30(b)(6). DE 27. Plaintiff had served the deposition notice on September 3, 2025 (less than a month before the close of discovery), and Defendant had objected to

1

the topics on September 4, 2025. *See* DE 34 (Pl.'s Mot.) at ¶¶ 1-3. The Court ordered the parties to provide briefing on the issue, and the matter was set for a substantive hearing on October 6, 2025. DE 30. At the hearing, and as later memorialized in a written order the same day, *see* DE 31, the Court overruled many of Defendant's objections to the proposed 30(b)(6) deposition topics and ordered the Defendant to produce a witness to testify as to three specific topics. Specifically, the Court ordered Defendant to prepare a witness to testify as to:

> (1) The company's decisions regarding Plaintiff's requests for work restriction accommodations and its policies regarding requests for such accommodations.
>
> (2) What determinations, if any, the company made regarding Plaintiff's ability to return to work and what, if any, work restrictions were considered.
>
> (3) What coordination, if any, was there between the company and its worker's compensation carrier in deciding Plaintiff's work restrictions.

DE 31 at 1. The Court further extended the discovery deadline to November 21, 2025 for the express purpose of allowing the parties sufficient time to complete the deposition. *Id.* at 2.

After several weeks of apparently no communication between the parties, on October 28, 2025, Defendant's counsel emailed Plaintiff's counsel to ask whether Plaintiff intended to pursue the deposition. DE 34 at ¶ 8. At no time did Plaintiff's counsel respond with proposed dates or ask when the witness would be available.

2

Instead, 10 days later, on November 7, 2025, Plaintiff's counsel sent Defendant a settlement demand—apparently spurred by Plaintiff's recent decision to accept employment elsewhere and desire "to resolve this dispute." *Id.* ¶¶ 9-10. On November 18, 2025, with three days left in the extended discovery period, Plaintiff's counsel went on a "working vacation" for approximately two weeks, without having obtained or even asking for a date for the deposition that Plaintiff had first noticed in early September and which the Court authorized on October 6, 2025. *Id.* at ¶ 11. Nor did Plaintiff seek an extension of the deadline to complete discovery. On December 2, 2025, Defendant rejected the settlement offer. On December 8, 2025 the Court held a status conference in which Plaintiff's counsel stated he had not taken the 30(b)(6) deposition but that he would like to, even though discovery in this case had closed weeks prior without seeking any extension or apparently ever seeking to actually schedule the deposition prior to the close of discovery.

## Discussion

"The decision to reopen discovery rests with the broad discretion of the Court." *Hueston v. Sheriff of Allen Cnty., Indiana*, 2024 WL 4165138, at *1 (N.D. Ind. Sept. 11, 2024). In order to extend a discovery deadline or reopen discovery, the movant must demonstrate "good cause." *Id.*; Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause and with the judge's consent."). Demonstrating good cause primarily focuses on the diligence of the party seeking an extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Furthermore, after a deadline has already passed, the party seeking an *ex-post* extension must also show "excusable

3

neglect," *Webber v. Butner*, 2019 WL 6213143, at *1 (S.D. Ind. Nov. 21, 2019); Fed. R. Civ. P. 6(b)(1)(B), *i.e.*, a very good reason why they failed to meet the deadline in time. The Supreme Court has provided four factors for courts to consider to deciding whether neglect was excusable: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its impact on the judicial proceedings, (3) the reason for the delay (including whether the delay was within the control of the movant), and (4) the movant's good faith. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 395 (1993). Therefore, Plaintiff must demonstrate both good cause and excusable neglect under these circumstances. *See McCann v. Cullinan*, 2015 WL 4254226, at *7 (N.D. Ill. July 14, 2015) ("[A]fter the deadline has expired, Rule 6 permits an extension only on a showing of both good cause *and* excusable neglect.") (emphasis in original).

The Court finds Plaintiff has failed to establish excusable neglect or good cause. On excusable neglect, while the prejudice and length of delay are relatively minor and the Court does not find Plaintiff to have acted in bad faith, the failure to take the deposition in time was entirely within her control. It is therefore not excusable. As Plaintiff frames things, her settlement offer sent two weeks before the close of discovery should excuse her from failing to take (or even schedule) the deposition. But that's not how excusable neglect, or good cause, or civil litigation in general, works. *See Simon v. Pay Tel Mgmt., Inc.*, 782 F. Supp. 1219, 1226 (N.D. Ill. 1991) ("Parties engaged in litigation frequently discuss the possible settlement of their disputes, but the mere existence of such negotiations, without more, does not

4

excuse the parties from attending court appearances and otherwise complying with the Court's orders."). The Court ordered Plaintiff to complete the deposition by November 21, 2025. That deadline passed without Plaintiff even so much as requesting available dates for the deposition from Defendant or seeking any extension from the Court. If Plaintiff made the settlement demand and then filed a motion seeking a short extension of time to allow the parties to continue settlement discussions, the Court might have viewed the situation differently. But that did not happen. Instead, it seems Plaintiff hoped her settlement offer would be accepted and the case would be resolved without having to take the 30(b)(6) deposition. That was a strategy that Plaintiff was free to take, but she must accept the consequences of that strategy too. Plaintiff assumed the risk that Defendant would not accept her settlement demand to resolve the case (and made no effort at a "Plan B" to take the 30(b)(6) deposition), and that is exactly what happened. There is no evidence that Defendant obfuscated or lured Plaintiff into missing the deadline to complete discovery.

Nor does good cause to modify the scheduling order exist. Again, "good cause" primarily looks to the diligence of the moving party. *Alioto*, 651 F.3d at 720. Plaintiff was not diligent in seeking to complete discovery in this case for all the same reasons her neglect in missing the deadline to complete discovery was inexcusable. Her attorney went on vacation without asking for—let alone securing—a date for the deposition or timely asking the Court for another extension. The Court cannot

5

prevent him from doing that, but the Court will not reward that strategy either by extending discovery again.

In closing, the Court is guided by Judge Evans's words in *Spears v. City of Indianapolis*: "We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception." 74 F.3d 153, 157 (7th Cir. 1996). "Under the Federal Rules of Civil Procedure, it is the court's prerogative—indeed, its duty—to manage its caseload and enforce deadlines. It is not the right of a party who chooses not to comply with those deadlines to be able to restructure them at will." *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996); *see also United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir. 1994) ("Ignoring deadlines is the surest way to lose a case.").

## Conclusion

For the reasons discussed, Plaintiff's Verified Motion to Reopen Discovery to Complete Rule 30(b)(6) Deposition of Defendant [DE 34] is **DENIED**. With discovery in this case concluded, the Court will issue a bright-line order alerting the presiding District Court Judge that this matter is ready for a dispositive motion deadline and/or trial date.

So ORDERED this 8th day of January 2026.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

6